UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO: 3:14-CV-00216-JHM

PAMELA HANSHAW                                                                      PLAINTIFF

V.

LIFE INSURANCE COMPANY OF NORTH AMERICA                           DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand [DN 7] the present action to the Jefferson Circuit Court. Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiff's motion is **DENIED**.

I. BACKGROUND

Plaintiff, Pamela Hanshaw, was employed by St. Claire Medical Center, Inc.[1] ("St. Claire"), a non-profit hospital. St. Claire established and funded a group long-term disability ("LTD") insurance policy for its eligible employees. The LTD policy was issued and underwritten by Defendant, Life Insurance Company of North America ("LINA"). (Compl. [DN 1-2] ¶ 9.) Plaintiff, who was an eligible participant in the policy, submitted a claim to LINA for the monthly disability income benefit, after allegedly becoming disabled. (Id. ¶ 11.) Defendant denied Plaintiff's claim. (Id. ¶ 12.)

On February 5, 2014, Plaintiff filed this action in Jefferson Circuit Court against Defendant, alleging claims for breach of contract; breach of the duty of good faith and fair dealing; violation of Kentucky Unfair Claims Settlement Practices Act, KRS 304.12–230 ("UCSPA"); violation of Kentucky Consumer Protection Act, KRS 367.170; negligence *per se*

---

[1] St. Claire is also referred to as "St. Claire Regional Medical Center" in various documents, including the LTD insurance policy with LINA. St. Claire Regional Medical Center is an assumed name of St. Claire Medical Center, Inc., which is the name of the business entity on record with the Kentucky Secretary of State. (Amended Articles of Incorporation of St. Claire Medical Center, Inc. [DN 16-1] 1.)

for using opinions of medical personnel who are not licensed in Kentucky in violation of KRS 311.560; unjust enrichment; and failure to timely pay the claim in violation of KRS 304.12–235. (Compl. [DN 1-2] ¶¶ 25–51.)

On March 4, 2014, Defendant removed this action from the Jefferson Circuit Court to this Court alleging both diversity jurisdiction and federal question jurisdiction. Defendant contends removal is proper because Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). (Def.'s Notice Removal [DN 1] ¶¶ 3, 7.) Defendant maintains that while Plaintiff's Complaint did not expressly reference ERISA, the cause of action asserted in the Complaint clearly involves an ERISA plan and is subject to, and preempted by, ERISA, and is therefore properly removable.

On March 13, 2014, Plaintiff filed this Motion to Remand [DN 7] the case to Jefferson Circuit Court arguing that this Court lacks subject matter jurisdiction. Plaintiff alleges that Defendant's Notice of Removal is defective, and maintains that the Complaint alleges only state law claims and makes no mention of ERISA. Further, Plaintiff contends that the facts as stated in the Complaint do not provide a basis for complete preemption under ERISA, and cannot therefore form the basis of subject matter jurisdiction for removal. Additionally, Plaintiff moves to remand on the ground that her claims are exempt from ERISA because the plan at issue is a "church plan" that is exempted from ERISA's coverage pursuant to 29 U.S.C. §§ 1003(b)(2), 1002(33). In response to the diversity jurisdiction basis for removal, Plaintiff asserts that Defendant has failed to demonstrate that the amount-in-controversy exceeds $75,000.

## II. STANDARD OF REVIEW

Removal to federal court from state court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §

1441(a). One category of cases of which district courts have original jurisdiction is "federal question" cases: cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Ordinarily, determining whether a particular case arises under federal law turns on the well-pleaded complaint rule[,]" i.e., whether a federal question "necessarily appears in the plaintiff's statement of [her] own claim." Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) (internal quotation marks omitted). Thus, "the existence of a federal defense normally does not create" federal-question jurisdiction, id., and "a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law," id. (quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10 (1983)) (internal quotation marks omitted).[2]

However, complete preemption is an exception to the well-pleaded complaint rule: "'when a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed." Davila, 542 U.S. at 207 (quoting Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003)). Removal is permitted in this context because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Beneficial Nat'l Bank, 539 U.S. at 8. In Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58 (1987), the Supreme Court held that the complete preemption exception to the well-pleaded complaint rule applies to claims within the scope of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Metro. Life Ins., 481 U.S. at 66–67.

ERISA § 502(a)(1)(B) provides:

---

[2] This is the case with ERISA's express preemption clause, § 514(a), 29 U.S.C. § 1144(a), which preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b)." 29 U.S.C. § 1144(a). "That a state-law claim is preempted under § 1144(a) is no basis to remove the case from state court to federal." Gardner v. Heartland Indus. Partners, LP, 715 F.3d 609, 612 (6th Cir. 2013).

3

> A civil action may be brought—(1) by a participant or beneficiary— . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B). Therefore, in order to be subject to complete preemption, and properly removable to federal court, the state law claim must be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," as provided in § 1132(a)(1)(B). See Barrow v. Aleris Intern, No. 1:07-CV-110-JHM, 2007 WL 3342306, at *2 (W.D. Ky. Nov. 7, 2007).

### III. DISCUSSION

Plaintiff filed this Motion to Remand [DN 7] the case to state court arguing that this Court lacks subject matter jurisdiction. Plaintiff alleges that the removal notice is defective because Defendant failed to provide sufficient factual support for its allegation that ERISA governs Plaintiff's claims. Further, Plaintiff maintains that the Complaint alleges only state law claims against Defendant and that Defendant failed to prove Plaintiff's claims are subject to complete preemption so as to avoid the well-pleaded complaint rule. Additionally, Plaintiff contends that even if the LTD plan constituted an ERISA plan, it is exempt from ERISA as a "church plan," and as a result, the case should be remanded to state court.

Defendant disagrees, contending that it specifically alleged facts establishing that Plaintiff's claims are governed under ERISA. Further, Defendant argues that the LTD policy is an ERISA employee welfare benefit plan. Defendant maintains that because Plaintiff's Complaint asserts claims seeking to recover benefits under that plan, Plaintiff's claims are completely preempted by ERISA. Furthermore, Defendant maintains that the LTD policy is not

4

a church plan. Defendant contends that it properly removed Plaintiff's claims to federal court, and therefore, Plaintiff's Motion to Remand should be denied.

In determining whether removal of Plaintiff's claims to federal court is proper, the Court must determine as an initial matter whether Defendant's Notice of Removal was sufficient to establish grounds for removal. The Court must then determine whether the LTD insurance policy is an ERISA plan, and if so, whether ERISA completely preempts Plaintiff's state law claims. Lastly, the Court must determine whether the LTD policy is a church plan exempt from ERISA.

### A. Notice of Removal

Plaintiff argues that Defendant's Notice of Removal is defective because it lacks factual allegations and instead alleges in conclusory terms the basis for federal jurisdiction. See, e.g., Thomas v. Burlington Indus., Inc., 763 F. Supp. 1570, 1576 (S.D. Fla. 1991); Bryant v. Blue Cross & Blue Shield of Ala., 751 F. Supp. 968, 969 (N.D. Ala. 1990) (state law claim against insurer not subject to removal where insurer made only bare-bones contention in notice of removal that "action will be governed by the provisions of [ERISA]"). However, the Notice of Removal in this case is distinguishable from the Thomas and Bryant notices of removal because it contains allegations of fact that the LTD plan is an employee welfare benefit plan, which are governed by ERISA. (Def.'s Notice Removal [DN 1] ¶¶ 3, 7.) Thus, Defendant's Notice of Removal in this case contains more than a "bare-bones contention" that the action is governed by ERISA and is sufficient to establish grounds for removal.

Moreover, the removal statute requires that a notice of removal merely contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). This statute has been interpreted to mean that the same liberal rules testing the sufficiency of a pleading should also

apply to evaluating the sufficiency of a defendant's notice of removal. See, e.g., Charter Sch. of Pine Grove, Inc. v. St. Helena Parish Sch. Bd., 417 F.3d 444, 447 (5th Cir. 2005); White v. Humana Health Plan, Inc., No. 06 C 5546, 2007 WL 1297130, at *1 (N.D. Ill. May 2, 2007) (citing 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3733 (3d ed. 2006)) ("The court need only be provided with the facts from which removal jurisdiction can be determined."). Thus, Plaintiff's argument that the Notice of Removal is defective fails.

### B. ERISA Plan

Congress enacted ERISA to "protect . . . the interests of participants in employee benefit plans and their beneficiaries" by setting out substantive regulatory requirements for employee benefit plans and "providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). Thus, ERISA comprehensively regulates life, health, disability, and pension benefits provided by employers to employees pursuant to employee benefit plans. ERISA defines an "employee benefit plan" as an "employee welfare benefit plan or an employee pension benefit plan or a plan which is both." 29 U.S.C. § 1002(3). Plaintiff contends that ERISA does not preempt her state law claims because St. Claire's LTD policy does not constitute an "employee welfare benefit plan" as defined by ERISA. An "employee welfare benefit plan" is "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1).

The "existence of an ERISA plan is a question of fact, to be answered in light of all the surrounding circumstances and facts from the point of view of a reasonable person." Thompson v. Am. Home Assurance Co., 95 F.3d 429, 434 (6th Cir. 1996). The Sixth Circuit has articulated the following three-part test for determining whether an ERISA benefits plan exists:

> First, the court must apply the so-called "safe harbor" regulations established by the Department of Labor to determine whether the program was exempt from ERISA. Second, the court must look to see if there was a "plan" by inquiring whether "from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits." Finally, the court must ask whether the employer "established or maintained" the plan with the intent of providing benefits to its employees.

Thompson, 95 F.3d at 434–35 (citations omitted).

A review of LINA's Group Long Term Disability Policy [DN 16-4] reflects that the policy satisfies the minimum requirements for establishing an ERISA plan.[3] With respect to the second inquiry, a reasonable person could ascertain the following: (1) LTD insurance was the intended benefit of the plan; (2) that the beneficiaries were the eligible employees of St. Claire as an incident of their employment; (3) the source of financing was premiums paid by St. Claire; and (4) the procedure to apply for and collect benefits was to submit a claim to LINA subject to specific conditions precedent to eligibility. [DN 16-4.] Additionally, the group policy shows that St. Claire established the LTD plan for the purpose of providing disability benefits to a clearly defined group of employees. [DN 16-4.]

For these reasons, the Court concludes that the LTD policy is an "employee benefit plan" governed by ERISA. 29 U.S.C. § 1002(3).

---

[3] It appears prong one is not contested by the parties because neither side briefed it.

## C. Complete Preemption

Having determined that the LTD plan is an ERISA plan, the Court must determine whether ERISA completely preempts Plaintiff's state law claims. As discussed, a claim that is within the scope of § 1132(a)(1)(B) is completely preempted and thus removable to federal court. See Metro. Life Ins., 481 U.S. at 66–67; Davila, 542 U.S. at 209–10. In the Sixth Circuit, a claim is within the scope of § 1132(a)(1)(B) if the two requirements of the Davila test are met: "(1) the plaintiff complains about the denial of benefits to which he is entitled 'only because of the terms of an ERISA-regulated employee benefit plan'; and (2) the plaintiff does not allege the violation of any 'legal duty (state or federal) independent of ERISA or the plan terms[.]'" Gardner v. Heartland Indus. Partners, LP, 715 F.3d 609, 613 (6th Cir. 2013) (quoting Davila, 542 U.S. at 210).[4]

In her Motion to Remand, Plaintiff failed to specifically address whether her claims fell within the scope of § 1132(a)(1)(B)'s civil enforcement provision. The Supreme Court stated that to make that determination, the court must examine the plaintiff's complaint, the statute on which the state law claims are based, and the various plan documents. Davila, 542 U.S. at 211. Upon review of the instant Complaint, the relevant state laws, and the LTD policy [DN 16-4], this Court determines that Plaintiff's state law claims amount to a claim for benefits under an ERISA plan and are completely preempted by ERISA.

First, Plaintiff complains about the "denial of benefits to which [s]he is entitled 'only because of the terms of an ERISA-regulated employee benefit plan.'" Gardner, 715 F.3d at 613 (quoting Davila, 542 U.S. at 210). Plaintiff alleges that LINA provides LTD benefits under her

---

[4] "In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), [29 U.S.C. § 1132(a)(1)(b),] and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)[, 29 U.S.C. § 1132(a)(1)(B)]." Davila, 542 U.S. at 210.

employer's LTD plan. She alleges that she became disabled and, in accordance with the LTD insurance policy, submitted a claim for monthly disability income benefits, which was denied by LINA. The action complained of is LINA's denial of Plaintiff's claim for monthly disability income benefits. Further, the only relationship LINA had with Plaintiff was its administration of Plaintiff's employer's benefit plan. It is clear, then, that Plaintiff complains only about denial of coverage promised under the terms of an ERISA-regulated employee benefit plan. Upon denial of those benefits, Plaintiff could have sought a remedy through a § 1132(a)(1)(B) action. Thus, the first prong is met.

Second, Plaintiff does not claim any violation of a legal duty independent of those imposed by ERISA or the ERISA plan's terms. Plaintiff's state law contract claims plainly cannot arise independently of ERISA or the plan terms because Defendant's duties under the contract—the ERISA-regulated LTD policy—are premised on the terms of that contract. Plaintiff specifically alleges that "[b]y denying Plaintiff's monthly disability income benefits and *by not complying with the terms of the insurance policy*, Defendant breached the parties contractual agreement." (Compl. [DN 1-2] ¶ 28 (emphasis added).) Thus, Defendant's contract duties under state law derive from the plan terms.

Plaintiff's various tort causes of action also are not independent of ERISA or the plan terms. "Whether a duty is 'independent' of an ERISA plan, for purposes of the Davila rule, does not depend merely on whether the duty nominally arises from a source other than the plan's terms." Gardner, 715 F.3d at 613. Therefore, it makes no difference that Plaintiff "only asserts state law claims and expressly disavows any federal causes of action," (Pl.'s Mot. Remand [DN 7] 5–6). What matters is whether LINA's duty and potential liability under state law derives

9

"from the particular rights and obligations established by the [ERISA] benefit plan[]." Davila, 542 U.S. at 213.

Defendant's purported duties under the various state laws could arise in this instance only because of Defendant's administrative review of Plaintiff's claim for benefits under an ERISA plan. See, e.g., Hogan v. Jacobson, No. 3:12-CV-00820, 2014 WL 9784864, at *3 (W.D. Ky. Mar. 12, 2014). Interpretation of the terms of Plaintiff's benefit plan forms an essential part of her claims, and "liability would exist here only because of [Defendant]'s administration of [the] ERISA-regulated benefit plan[]." Id. Defendant's duty and potential liability under state law in this case, then, derives from the particular rights and obligations established by the benefit plan. Therefore, Plaintiff's state law tort causes of action are not entirely independent of the federally regulated contract itself.

Hence, Plaintiff brings suit only to rectify a wrongful denial of benefits promised under an ERISA-regulated plan, and does not attempt to remedy any violation of a legal duty independent of ERISA. The Court concludes that Plaintiff states causes of action that fall "within the scope of" § 1132(a)(1)(B), Metropolitan Life, 481 U.S. at 66, and are therefore completely preempted by ERISA and removable to federal district court.

### D. ERISA Church Plan Exemption

Having determined that the LTD plan is an employee benefits plan under ERISA and that Plaintiff's claims are completely preempted by § 1132(a)(1)(B), the Court must determine whether the LTD plan is nevertheless exempt from ERISA as a "church plan." If the LTD plan is a church plan, this Court lacks subject matter jurisdiction and the Motion to Remand must be granted.

Congress specifically exempted certain employee benefit plans from coverage under ERISA. See 29 U.S.C. § 1003(b)(1)–(5). Pursuant to § 1003(b)(2), ERISA does not apply to an employee benefit plan that is a "church plan" as defined in § 1002(33). 29 U.S.C. § 1003(b)(2).[5] When ERISA originally exempted "church plans" from its requirements, it provided that "[t]he term 'church plan' means . . . a plan established and maintained for its employees by a church or by a convention or association of churches." 29 U.S.C. § 1002(33)(A) (1976). The statute permitted a church plan to also cover the employees of church agencies (such as hospitals and schools), but that provision was to sunset in 1982. 29 U.S.C. § 1002(33)(C) (1976). In 1980, Congress amended ERISA to eliminate the 1982 deadline and to include other clarifications. See Multiemployer Pension Plan Amendments Act of 1980, Pub. L. No. 96-364, § 407(a), 94 Stat. 1208. The relevant statutory section, 29 U.S.C. § 1002(33), now provides in pertinent part:

> (A) The term "church plan" means a plan established and maintained . . . for its employees (or their beneficiaries) by a church or by a convention or association of churches which is exempt from tax under section 501 of Title 26.
>
> ****
>
> (C) For purposes of this paragraph–
>
> (i) A plan established and maintained for its employees (or their beneficiaries) by a church or by a convention or association of churches includes a plan maintained by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches.
>
> (ii) The term employee of a church or a convention or association of churches includes–

---

[5] "The provisions of this subchapter shall not apply to any employee benefit plan if . . . such plan is a church plan (as defined in section 1002(33) of this title) with respect to which no election has been made under section 410(d) of Title 26." 29 U.S.C. § 1003(b)(2). Defendant made no argument that an election had been made under I.R.C. § 410(d).

>>>(I) a duly ordained, commissioned, or licensed minister of a church in the exercise of his ministry, regardless of the source of his compensation;

>>>(II) an employee of an organization, whether a civil law corporation or otherwise, which is exempt from tax under section 501 of Title 26 and which is controlled by or associated with a church or a convention or association of churches; and

>>>(III) an individual described in clause (v).

>>(iii) A church or a convention or association of churches which is exempt from tax under section 501 of Title 26 shall be deemed the employer of any individual included as an employee under clause (ii).

>>(iv) An organization, whether a civil law corporation or otherwise, is associated with a church or a convention or association of churches if it shares common religious bonds and convictions with that church or convention or association of churches.

>>(v) If an employee who is included in a church plan separates from the service of a church or a convention or association of churches or an organization, whether a civil law corporation or otherwise, which is exempt from tax under section 501 of Title 26 and which is controlled by or associated with a church or a convention or association of churches, the church plan shall not fail to meet the requirements of this paragraph merely because the plan–

>>>(I) retains the employee's accrued benefit or account for the payment of benefits to the employee or his beneficiaries pursuant to the terms of the plan; or

>>>(II) receives contributions on the employee's behalf after the employee's separation from such service, but only for a period of 5 years after such separation, unless the employee is disabled (within the meaning of the disability provisions of the church plan or, if there are no such provisions in the church plan, within the meaning of section 72(m)(7) of Title 26) at the time of such separation from service.

29 U.S.C. § 1002(33).

The Parties dispute the proper interpretation of § 1002(33) and whether the LTD plan meets the definition of a church plan. Plaintiff's interpretation, based primarily on subsection C, is that a "'church plan' is a 'plan that is (1) established by a church or (2) established by an organization that is *controlled by or associated with* a church." (Pl.'s Reply Supp. Mot. Remand [DN 18] 3 (quoting Overall v. Ascension, --- F. Supp. 2d ---, No. 13–11396, 2014 WL 2448492,

at *15 (E.D. Mich. May 13, 2014)).) Plaintiff contends that the LTD plan is a church plan exempted from ERISA because St. Claire is a "church owned entity," (Pl.'s Mot. Remand [DN 7] 4), and a "fully controlled and sponsored subsidiary of the Sisters of Notre Dame," (Pl.'s Reply Supp. Mot. Remand [DN 18] 3), concluding that "[a]s a result of its church status, St. Claire falls within the church plan exception of ERISA," (id.) Thus, Plaintiff contends that because St. Claire is allegedly an entity "controlled by or associated with" the Catholic Church, its LTD plan qualifies as church plan.

Defendant's interpretation is that *only a church* or a convention or association of churches—which St. Claire is not[6]—may establish and maintain a church plan. (Def.'s Resp. to Pl.'s Mot. Remand [DN 16] 4–5 (citing 29 U.S.C. § 1002(33)(A); Rollins v. Dignity Heath, --- F. Supp. 2d ---, No. C13–1450, 2013 WL 6512682, at *4–5 (N.D. Cal. Dec. 12, 2013)).) However, the Court need not decide which interpretation is correct because even accepting Plaintiff's interpretation of § 1002(33) that a church plan need not be established by a church, the LTD plan still does not qualify as a church plan. Plaintiff's argument disregards the limiting language of subsection C(i) that to maintain a church plan, an organization must not only be associated with the church,[7] but it must have as its "principal purpose or function . . . the administration or funding of a [benefits] plan or program." 29 U.S.C. § 1002(33)(C)(i).[8] St. Claire Medical

---

[6] Plaintiff mentions St. Claire's "church status" as the reason why "St. Claire falls within the church plan exception of ERISA." (Pl.'s Reply Supp. Mot. Remand [DN 18] 3.) However, there is no credible argument made that St. Claire Medical Center, Inc. is itself a church. St. Claire's primary purpose is to provide healthcare. While St. Claire is likely a "church agency" as referenced in the legislative history, St. Claire is not itself a church.
[7] Although the parties dispute whether St. Claire is controlled by or associated with the Catholic Church, this issue is not dispositive.
[8]
  (C) For purposes of this paragraph--
    (i) A plan established and maintained for its employees (or their beneficiaries) by a church or by a convention or association of churches includes a plan maintained by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a

Center is a healthcare organization; its principal purpose is the provision of healthcare, not the administration of a benefits plan.[9]

Therefore, the Court finds that St. Claire's long-term disability benefits plan is not a "church plan" under ERISA, and is, therefore, governed by ERISA. Accordingly, this Court has subject matter jurisdiction to decide the matter.[10]

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [DN 7] the case to Jefferson Circuit Court is **DENIED**.

*Joseph H. McKinley signature*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

October 22, 2014

cc: counsel of record

---

convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches.
29 U.S.C. § 1002(33)(C)(i).

[9] According to its Articles of Incorporation, the specific purposes of St. Claire "are to carry out the Roman Catholic Apostolate of care for the sick, by providing quality physician services for the benefit of the community through the operation, support and management of a hospital and a medical and health center, or institution." (Amended Articles of Incorporation of St. Claire Medical Center, Inc. [DN 16-1] 1–2.)

[10] Because the Court concludes that there is federal question jurisdiction, it need not address the issue of diversity jurisdiction.